Fanny T. Cochran v. Commissioner.
Cochran v. Commissioner
Docket No. 7536.
United States Tax Court
1946 Tax Ct. Memo LEXIS 26; 5 T.C.M. (CCH) 999; T.C.M. (RIA) 46274; November 29, 1946
*26 Morse Garwood, Esq., for the petitioner. William D. Harris, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: The Commissioner has determined a deficiency in the petitioner's income tax for 1941 of $15,561.61. All of the deficiency results from the disallowance of a partial bad debt deduction growing out of the sale of a parcel of improved real estate. The petitioner inherited certain real estate known as premises 129-131 South 22d Street, Philadelphia, Pennsylvania, from her mother, who died in 1925. The property had a value at that time, as reported in decedent's estate tax return, of $67,000. The petitioner sold the property in 1927 for $97,500, receiving $27,500 in cash and a purchase money mortgage for $70,000, with interest at 6 per cent, which became due on May 2, 1932. On the due date of the mortgage the purchaser defaulted. The parties did not renew the mortgage and the petitioner did not institute foreclosure proceedings. Instead she permitted the purchaser to remain on the property on his agreement to pay the interest as it accrued on the mortgage. The interest rate, however, was reduced in 1936 to 3 per cent. The purchaser *27 failed to pay the interest due May 2, 1941, and thereafter failed to pay the real estate taxes for 1941 and subsequent years. In the latter part of 1941 the purchaser notified the petitioner that he was financially unable to carry the present mortgage any longer and requested that it be reduced from $70,000 to $5,000. The petitioner refused this request. The petitioner in 1941 made an investigation of the purchaser's financial condition, through her attorney, and learned that he owned no real property except the South 22d Street property and his residence, which was subject to a mortgage of $6,000, some tangible personal property of an undisclosed amount and a small bank account. The real estate in question had a value at December 29, 1941, of $26,800. At the close of 1941 the petitioner concluded that the mortgage debt, over and above the value of the collateral property, was uncollectible and instructed her agent, The Fidelity-Philadelphia Trust Company, to reduce the mortgage bond from $70,000 to $26,800. An entry to that effect was made in the agent's records as of December 29, 1941, and the amount so written off, $43,200, was claimed by the petitioner as a partial bad debt *28 deduction in her 1941 return. In her income tax return for 1927 the petitioner did not report any profit from the sale of the property in question and did not make any reference to such sale. The parties have stipulated that the inclusion in the petitioner's gross income for 1927 of a profit on the sale of $32,761.25, the difference between the sale price, $97,500, and the adjusted basis, $64,738.75, would have resulted in an increase of $4,095.16 in petitioner's income tax liability for that year. After an investigation made by her attorney during the taxable year the petitioner ascertained that the financial condition of the purchaser was such that no recovery of the balance of the unpaid purchase price could reasonably be expected and that she must look to the collateral only for payment. She also ascertained, as is here stipulated, that the collateral, the mortgaged property, had a value at that time of only $26,800. She thereupon charged off the difference between the present value of the property and the unpaid portion of the mortgage and claimed the deduction of that amount, $43,200, in her return for 1941. As stated in respondent's brief, said respondent in arriving *29 at the deficiency set forth in his notice and in disallowing a part of the $43,200 bad debt deduction claimed in petitioner's 1941 return, determined that the value of the $70,000 note held by the petitioner as of the 1927 date thereof was, for the purposes here involved, the difference between the adjusted basis of the mortgaged premises, amounting to $64,738.75 and the cash payment of $27,500 or $37,238.75. He further determined that the mortgaged premises on December 29, 1941, had a value of $26,800 and that the maker of the note had $10,000 of other property thereby making a total of $36,800 of assets out of which petitioner could enforce payment and that she was, therefore, entitled to charge off as a bad debt loss only $438.75. Subsequently, however, by stipulation of fact respondent has in substance conceded that the petitioner must look to the mortgaged premises only for payment of the note and that the value of the mortgaged premises is $26,800. The respondent's whole argument on brief is that with respect to the allowance of deductions for partially worthless debts, Section 23(k), Internal Revenue Code, vests the Commissioner with broad discretionary *30 powers and that his determination can be set aside only when he has acted arbitrarily and in abuse of his discretionary powers. It is argued that on the facts here the Commissioner's action in disallowing all but $438.75 of the amount claimed can not be set aside. Section 23(k), Internal Revenue Code, authorizes the deduction of Debts which become worthless within the taxable year; * * * and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. * * * We think that the agreed facts show sufficient reason for the petitioner's action in claiming a partial bad debt deduction in the taxable year 1941. She ascertained in that year that the debtor had no assets other than the property in question from which she might reasonably have expected to make any substantial recovery of the indebtedness. This entitled her to charge off the worthless portion of the debt. See United States v. Beckman, 104 Fed. (2d) 260; Ross v. Commissioner, 72 Fed. (2d) 122. The petitioner's error lies in the amount of the deduction *31 which she claimed. She has taken as a basis for the debt the unpaid portion of the mortgage note, $70,000, and charged off the difference between that amount and the then value of the collateral, $26,800. No evidence was offered by petitioner as to the value of the note as of the date of sale in 1927. The only evidence in the case as to such value is the determination by the respondent fixing said value at $37,238.75, the difference between the adjusted basis of the mortgaged premises and the cash payment received. We think that the respondent correctly held, in determining the amount of the bad debt deduction, that the petitioner's basis for the debt was not in excess of her adjusted cost basis of the property, that is, its value at the date of inheritance less depreciation to the date of the sale, less the cash received on the sale. The respondent's error, we think, was in determining that the debtor had $10,000 of assets other than the mortgaged property which the petitioner might have realized on in pressing for collection of the debt in 1941. The deduction to which the petitioner was entitled was $10,438.75. Decision will be entered under Rule 50.